Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-11-00124-CR

Samuel **MAHA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Wilson County, Texas
Trial Court No. 09-07-081-CRW
Honorable Stella Saxon, Judge Presiding

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  March 30, 2011

DISMISSED

The trial court suspended sentence on November 8, 2010, and appellant timely filed a motion for new trial. Therefore, the deadline for filing a notice of appeal was February 7, 2011, or the notice of appeal and a motion for extension of time to file the notice of appeal were due fifteen days later on February 22, 2011. Tex. R. App. P. 26.2(a)(2), 26.3. A notice of appeal was not filed until February 11, 2011, and appellant did not file a motion for extension of time to file

the notice of appeal. *See* TEX. R. APP. P. 26.3. There was no envelope or other document in the clerk's record to establish the date the notice of appeal was mailed. *See* TEX. R. APP. P. 9.2.

Because the notice of appeal appeared untimely, we issued a show cause order on March 9, 2011, ordering appellant to file a response establishing the notice of appeal was timely filed, perhaps by mail, thereby establishing this court's jurisdiction. *Id.*; *see also Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (holding that timely notice of appeal is necessary to invoke court of appeals' jurisdiction). We advised appellant that if he failed to satisfactorily respond within the time provided, the appeal would be dismissed.

On March 21, 2011, appellant's counsel filed a response to our show cause order in which he stated, with regard to our show cause order, that "the analysis indicating that the Notice of Appeal . . . [is] late filed is correct." Because the notice of appeal was not timely filed, we lack jurisdiction to entertain the appeal. *See Olivo*, 918 S.W.2d at 522; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (explaining that writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from felony convictions).

Accordingly, we dismiss the appeal for want of jurisdiction.

PER CURIAM

Do Not Publish